IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


**TOMAS HERNANDEZ-SANTOS,**          *
      Plaintiff,                          *
                                         *
                                         *
      v.                                 *
                                         *   **CIVIL NO. 09-1816(DRD)**
                                         *
**ADMINISTRACION DE CORRECCION, et.,al.,** *
      Defendants.                        *
_____    *


## OPINION & ORDER

Before the Court is Petitioner's 42 U.S.C. Sec. 1983 prisoner civil rights violations complaint(D.E. #3)[1].  Defendants filed a Motion To Dismiss The Complaint Pursuant To Federal Rule Of Civil Procedure 12(b)(6)(D.E. #11).  For the reasons discussed below, the Court finds the motion to dismiss shall be **GRANTED**; therefore Petitioner's 1983 claim shall be **DENIED WITH PREJUDICE.**

## I. BACKGROUND

On August 18, 2009, Petitioner, Tomas Hernandez-Soto (hereinafter "Petitioner" or "Hernandez-Soto") filed a Prisoner's Civil Rights Violation Complaint pursuant to 42, United States Code, Section 1983 (D.E. #3).  Said compliant was filed against the Puerto Rico Administration of Corrections, Superintendent William Torres-Santiago, social worker Brenda Ramos-Santiago and social worker supervisor Migdalia Cintron (D.E. #3).

Petitioner claims that defendants, particularly social worker

_____

[1]        D.E. is an abbreviation of docket entry number.

Civil No. 09-1816(DRD)                                            Page 2

Brenda Ramos-Santiago (hereinafter "Ramos-Santiago"), have discriminated against him and caused him mental suffering and damages in the amount of $250,000.00 (D.E. #3 at pages 6-7).

Hernandez-Santos, specific claim is that his prison social worker, Ramos-Santiago, has since the year 2006, been denying his repeated request for placement as a maintenance worker within the prison he is housed. Petitioner contends that defendant's denial is done in a whimsical fashion. He further claims that defendant Ramos-Santiago has acted in arrogant manner towards him.(D.E. #3 at pages 6-7).

On July 7, 2010, defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. #11). The motion to dismissed is based on the following alternatives: (a) Plaintiff's claim fails to state a claim upon which relief can be granted; and(b)Defendant's are entitled to immunity under the Eleventh Amendment (D.E. #11).

As such the matter is ready for disposition by this Court.

## II. DISCUSSION

### STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to assert the defense of failure to state a claim upon which relief can be granted, before pleading, if a responsive pleading is allowed.

However, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 127

S. Ct. 1955 (2007) (clarifying former parameters of <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)); *see* <u>Miranda v. Ponce Fed. Bank</u>, 948 F.2d 41 (1st Cir. 1991); *see also* <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 94-95 (1st Cir. 2007). No heightened fact pleading of specifics is required but only enough facts to state a claim for relief that is plausible on its face. <u>Bell Atlantic</u>, 127 S.Ct. at 1974.)

In recent years, the Supreme Court issued several opinions that changed the standard for a motion to dismiss so that plaintiffs will now have to include more information in their pleadings if they want to survive a 12(b)(6) motion. The first case is <u>Bell Atlantic Corp. V. Towmbly,</u> 550 U.S. 544 (2007), and its progeny <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). In order for a plaintiff to prosper in his claim when faced with a motion to dismiss for failure to state a claim, the complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level" <u>Bell Atlantic Corp.</u> V. <u>Twombly</u>, 550 U.S. 544 (2007). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" <u>Id</u>., at 1964-65. The Supreme Court then reiterated its holdings in <u>Erickson</u> v. <u>Pardus</u>, 551 U.S. 89 (2007), "specific facts are not necessary; the statements need only 'give the defendants fair notice of what the claim is and the grounds upon which it rests'".

Finally, the Supreme Court in the case of <u>Ashcroft</u> v. <u>Iqbal</u>, 129 S Ct. 1937 (2009), left no doubt as to how a court must approach a

motion to dismiss based on Rule 12 (b)(6).  The Court established that there are two working principles.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Although for purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'" Iqbal, at 1949-1950.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 1950.

Since Hernandez-Santos, filed his complaint on August 18, 2009, (docket # 3), which is after the Supreme Court's decision of Iqbal (decided on May 18, 2009), this Court must analyze Plaintiff's complaint embattled with a motion to dismiss pursuant to the two prong standard as established by the Supreme Court in Iqbal.

**Legal Discussion**

**Sufficiency of the pleadings**

An examination of the *pro-se* complaint filed by Plaintiff Hernandez-Santos reveals that in its caption Hernandez-Santos is

Civil No. 09-1816(DRD)                                          Page 5

suing several co-defendants[2].  However, the narrative part of  the
p*ro-se* complaint, is solely addressed to the alleged actions of the
prison social worker who handles his case, Brenda Ramos-Santiago.
Who in the Plaintiff's opinion failed to obtain for him a particular
job within the prison facility in which he is housed.  Hernandez-
Santos further alleged that defendant Brenda Ramos-Santiago has
treated him in a arrogant manner.(docket # 3).

      A further review of the complaint submitted, reveals that there
are no allegations as to any actions or lack thereof as to the
Department of Corrections itself,  Superintendent William Torres-
Santiago and Migdalia Cintron.  The Supreme Court has been very clear
on the issue of binding defendants, "we have noted, petitioners
[corporate defendants and/or supervisors] cannot be held liable
unless they themselves acted on account of a constitutionally
protected characteristic." Iqbal, at 1952.

      Due to this lack of even a scintilla of allegations, even under
the minimal standard of pleadings, defendant can not prosper in his
complaint against the Department of Corrections, Torres-Santiago nor
Cintron, the last being supervisors.  The Court can not make
inferences nor assume nor even try to imagine what Plaintiff would
have perhaps alleged against these defendants, it can not enter into
such a guessing game.  Therefore, the Court finds that the Complaint
as to the Department of Corrections, William Torres-Santiago and
Migdalia Cintron is hereby **DISMISSED WITH PREJUDICE** for  failing to

─────────────

[2]       Specifically Plaintiff filed his complaint against Administration of
          Corrections; Superintendent William Torres-Santiago; social worker
          Brenda Ramos-Santiago; and social worker supervisor Migdalia
          Cintron.

Civil No. 09-1816(DRD)                                          Page 6

state a plausible claim under which relief may be granted as established by the Supreme Court of the United States.[3]

The Court will now focus its attention on the claim against prison social worker Brenda Ramos-Santiago. Once again even before the Court can evaluate the merits of Plaintiff's 1983 claim it must analyze the pleading itself pursuant to the Supreme Court holdings in Iqbal.

Hernandez-Santos has two allegations against defendant Ramos-Santiago. First he claims that she is arrogant toward him; and second he claims that she has capriciously and repeatedly denied him the prison job he requested. (D.E. #3 at pages 6-7).

As to the first allegation of Ramos-Santiago being arrogant towards him. The Court finds that this is a mere opinion expressed by Plaintiff, perhaps out of frustration but nonetheless an opinion. He is passing judgment over a particular way an individual is treating him and this is not a factual allegation nor can it be the basis for a section 1983 claim. Mere perceptions of how one is being treated do not constitute facts. Plaintiff can not expect his claim to prosper based on his perception that his prison social worker is arrogant. To believe that would be to believe in faire tails and this Court is not Disney World. As such based on the allegation that Plaintiff's social worker Ramos-Santiago, is arrogant towards him; this Court finds that his section 1983 fails to plead a plausible claim for relief.

---

[3] The remedy of working in maintenance is overridden by the fact that prior thereto he attempted to flee. Further, working assignments within the confines of a prison constitute a discretional matter. See discussion infra, p. 10.

Plaintiff's final allegation is that Ramos-Santiago has repeatedly, capriciously and without explanation denied him the job placement he continues to request within the prison institution. This final allegation may be construed as a conclusion reached by Hernandez-Santos and as such the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Iqbal</u>, at 1950. However, since Hernandez-Santos is a pro-se litigant that does not have the advice of legal representation, out of an abundance of caution this Court will accept his assertion as a sufficiently plead factual allegation and will proceed to evaluate the merits of the same.

### Standard of Claims under 42, <u>United States Code</u>, Section 1983.

In order to have a valid claim pursuant to 42, <u>United States Code</u>, Section 1983, three elements must be alleged by plaintiff before said claim is cognizable. (1) Plaintiff must allege that the conduct complained about was committed by a person acting "under color of state law;"[4] (2) that the conduct in question "deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States";[5] (3) finally, there has to be a showing of a casual connection between the specific defendants and the plaintiff's federal rights deprivation. This may consist of direct acts by the defendant, certain acts performed at defendant's direction, knowledge or consent. Each defendant individually responds for his own acts and omission in light of his

---

[4] See <u>Gomez</u> v. <u>Toledo</u>, 446 US 635 (1980).

[5] See <u>Parrat</u> v. <u>Taylor</u>, 451 US 527 (1981).

own duties.[6]

To prevail in a section 1983 claim, Plaintiff "must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law and (ii) that alleged conduct caused a denial of rights secured by the Constitution or laws of the United States." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 32 (1st Cir. 1996).  As an additional corollary, only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.  Febus-Rodríguez v. Betancourt-Lebrón, 14 F.3d 87, 91-92 (1st Cir. 1994).

The second prong of section 1983 itself has two elements.  The first element requires that there was, indeed, a deprivation of rights, privileges or immunities secured by the United States Constitution or laws.  Votour v. Vitale, 761 F.2d at 819.

The second element of the second prong, the causation element, has three components.  Fist plaintiff must show, that each of the acts or omissions done by each defendant caused the deprivation of the rights at issue.  Gutierrez-Rodríguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989); Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1989).  Second plaintiff must show, that the defendants' conduct or lack thereof was intentional, grossly negligent, or must have amounted to a reckless or callous indifference to the constitutional rights of others.  Velázquez-Martínez v. Colón, 961 F. Supp. 362(D.P.R. 1997).  Lastly, plaintiff must show an "affirmative link between the street-level misconduct and the action or lack thereof,

---

[6]Coon v. Ledbetter, 780 F.2d 1158 (5th Cir 1986); Rizzo v. Goode, 423 U.S 363, (1976).

Civil No. 09-1816(DRD)                                            Page 9

of supervisory officials. <u>Gutierrez-Rodríguez</u>, 882 F.2d at 562.

In the case at hand, Hernandez-Soto is claiming a violation of his right due to not receiving a particular prison work assignment[7]. In other words Plaintiff wishes for this Court to consider the right to work at a particular job while incarcerated as a Constitutionally protected right.  Plaintiff is sadly mistaken.

Prison work assignments are solely at the discretion of the prison and its officers in the exercise of the broad latitude they are afforded in the management of prisons. <u>Bell</u> v. <u>Wolfish</u>, 441 U.S. 520 (1979).  It is well settled that an inmate does not have a protected property or liberty interest in continued prison employment. <u>James</u> v. <u>Quinlan</u>, 866 F. 2d 627 (3rd Cir. 1989).  By the same token, the right to earn wages while incarcerated is a privilege, not a constitutionally guaranteed right.  A state or federal law or regulation, however, may create such an interest. <u>Hewitt</u> v. <u>Helms</u>, 459 U.S. 460 (1983).

The First Circuit Court of Appeals has determined that "it is clear that unless state law or regulations are to the contrary, prisoners have no vested property or liberty rights to obtain or maintain prison jobs." <u>Dupont</u> v. <u>Saunders</u>, 800 F. 2d 8,9 (1st Cir. 1986).  To date no statutes or administrative regulations have been approved or created to guarantee such a right[8].

---

[7]    The Court notes that by Plaintiff's own admission social worker Ramos-Santiago informed him that he could not receive the requested job because of his prior escape from prison and that he is considered a flight risk. (Docket # 3 at page 6).  Plaintiff himself refutes his own allegation that his work denial is a mere whim of Ramos-Santiago.

[8] Docket 11 at page 6.

Having established that prisoners have no vested right to obtain or maintain jobs it is clear that Plaintiff Hernandez-Santos has failed to meet the second prong of a prima facie case pursuant to section 183 therefore the Complaint is Hereby **DISMISSED WITH PREJUDICE.**

This Court will address one last lingering argument raised by the Defendants, that is Defendants' immunity under the Eleventh Amendment.

### Eleventh Amendment Immunity

The Eleventh Amendment bars payment of monetary damages against the Commonwealth of Puerto Rico.  "The Eleventh Amendment bars suits from being brought in federal courts for monetary damages against states, unless the party being sued waives its immunity or consents to being sued." Cruz v. Puerto Rico, 558 F. Supp. 2d 165, 173-175 (D.P.R. 2007).  "The Eleventh Amendment has been interpreted to bar suits for monetary relief against the agencies or instrumentalities of a state and against its offices in their official capacities." Kentucky v. Graham, 473 U.S. 159, 169 (1985).  In other words Eleventh Amendment immunity extends to arms or alter egos of the State as well as state employees exercising their official duties. Ainsworth Aristocrat Int'l pty. Ltd. V. Tourism Co. Of Puerto Rico, 818 F.2d 1034 (1st Cir. 1987).  "A suit against a state official in his or her official capacity is not a suit against the official rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Cosme-Perez v. Mun. of Juana

Diaz, 585 F. Supp. 2d 229, 236 (D.P.R. 2008).[9]

    The First Circuit consistently has held that Puerto Rico is
considered a 'State' for Eleventh Amendment purposes.  Therefore,
since Puerto Rico is afforded the same rights as a state and has not
waived its claim to Eleventh Amendment Immunity, any private suit
against the Commonwealth of Puerto Rico is barred. Jusino-Mercado v.
Commonwealth of Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000).
Consequently, the Eleventh Amendment bars the recovery of damages in
a federal court against the Commonwealth of Puerto Rico and by the
same token, it bars the recovery of damages in official capacity
suits brought against Puerto Rico officials where recovery will come
from public funds. Culebras Enter. Corp. V. Rivera Rios 813 F.2d 506
at 516 (1st Cir. 1987).

    The Department of Corrections and its employees in their
official capacities function as arms of the Commonwealth of Puerto
Rico and any judgment against the defendants in their official
capacity would effectively be a judgment against the Commonwealth of
Puerto Rico. Martinez Machicote v. Ramos Rodriguez, 553 F. Supp. 2d
45 (D.P.R. 2007).  The Court therefore finds that the defendants are
protected by the Eleventh Amendment.  As such, Plaintiff Hernandez-
Santos' claim against the defendants in their official capacity  is
Dismissed With Prejudice.

**III. CONCLUSION**

    For the different reasons expressed and explained in this
Opinion and Order, the Court concludes that Petitioner **TOMAS**

---

[9]     The defendants have not been sued in their individual capacities.

Civil No. 09-1816(DRD)                                              Page 12

**HERNANDEZ-SANTOS'**, claim pursuant to 42, <u>United States Code</u>, Section 1983 is not entitled to relief. It is ordered that Petitioner **TOMAS HERNANDEZ-SANTOS'** complaint under 42, U.S.C. Sec. 1983 (D.E.#3) is **DISMISSED WITH PREJUDICE**, and Defendants' Motion to Dismiss (D.E. # 11) is **GRANTED.**

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 29TH day of March 2011.

                              s/ Daniel R. Domínguez
                              **DANIEL R. DOMINGUEZ**
                              **UNITED STATES DISTRICT JUDGE**